IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## DONNA JEAN SEXTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Carter County**
**No. S12429     Lynn W. Brown, Judge**

_____

**No. E1999-02226-CCA-R3-PC**
**July 31, 2000**
_____

The petitioner, Donna Jean Sexton, appeals the dismissal of her petition for post-conviction relief for failure to state a colorable claim. The petitioner contends that her allegations of mental incapacity rendering her guilty plea involuntary and unknowing and of the ineffective assistance of counsel for failure to make the court aware of her mental incapacity are colorable claims. The state agrees. We reverse the dismissal of the petition and remand the case to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Peter D. Heil, Nashville, Tennessee (on appeal) and Lionel Barrett, Jr., Nashville, Tennessee (at trial) for the appellant, Donna Jean Sexton.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and David E. Crockett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Donna Jean Sexton, appeals as of right from the order of the Carter County Criminal Court which dismisses her post-conviction petition for failure to state a colorable claim for relief. She contends that her petition adequately states a colorable claim. The state agrees. We agree.

The petitioner was convicted in 1995 of first degree murder and aggravated robbery based upon her nolo contendere pleas, and she received pursuant to agreement an effective sentence of life in the custody of the Department of Correction. The facts stipulated at the guilty plea hearing reflect

that the petitioner aided and abetted another person in a robbery of a market during which the other person stabbed the victim to death.

The petitioner filed a pro se petition for post-conviction relief in 1996 which in part alleges the following:

> II.
> That the conviction was based on unlawfull [sic] induced guilty plea involuntarily entered without understanding the nature and consequences of the plea.

> III.
> That she was afforded ineffective assistance of counsel in that the court was not made aware that the Petitioner was mentally incapacitated at the time of entering the plea agreement, and did not understand the proceeding as they [sic] related to her rights and sentence.

> IV.
> That due to the Court being unaware of her mental state at the time of entering into the plea agreement, her rights were violated in that she did not understand what she was pleading to, and did not intelligently enter into the plea agreement.

Subsequently, the petitioner filed an "addition" to her petition which in part alleges the following:

> 1. That she was afforded ineffective assistance of Counsel in that the Court was not made aware that the Petitioner was mentally incapacitated at the time of entering into said Plea Agreement and did not understand the proceedings as they related to her rights and sentence.

The addition also cites case law relevant to involuntary and unknowing guilty pleas and guilty pleas made because of the ineffective assistance of counsel.

In dismissing the petition, the trial court noted that the petitioner failed to state what mental disease, defect or condition caused the alleged mental incapacity. It also concluded that the petition failed to state facts to support the claim of ineffective assistance of counsel.

In considering whether a post-conviction petition states a colorable claim for relief, the trial court is to take the facts alleged as true. See Tenn. Code Ann. § 40-30-206(f). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). The petition must disclose the factual basis for any grounds for relief and a "bare allegation that a

constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Tenn. Code Ann. § 40-30-206(d).

Unquestionably, the petitioner's pro se allegations of fact are limited. Also, the petitioner's former counsel failed to comply with his obligation to amend the pro se petition where appropriate or to certify that all nonfrivolous grounds available to the petitioner have already been alleged. See Tenn. Sup. Ct. R. 28, § 6(C)(2)-(3) & Appendix C. However, we conclude that the allegations of mental incapacity to understand either the nature of the agreement or the consequences of her pleas and of her counsel's failure to advise the trial court of her mental incapacity relative to her guilty pleas state colorable claims for relief. The failure to specify the type of incapacity is not fatal to the case. The case should proceed.

In consideration of the foregoing, the judgment of the trial court is reversed and the case is remanded for further proceeding.

_____
JOSEPH M. TIPTON, JUDGE